F I L E D
CLERK OF COURT
2026 JUN 12 PM 1: 51
SUPERIOR COURT
OF GUAM

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CM0133-25** |
| | Police Report Nos. 25-0067 / 25-7331 / 25-07243 |
| v. | |
| **FRANKIE CHARLES ROSALIN,** DOB: 03/05/1985 | **DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on April 24, 2026 for hearing on Frankie Charles Rosalin's ("Defendant's") Motion to Dismiss with Prejudice. Assistant Attorney General Lucas Wood represents the People, and Attorney Jacqueline Terlaje represents Defendant. Having duly considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion to Dismiss with Prejudice.

## BACKGROUND

On March 12, 2025, Defendant allegedly "repeatedly struck and damaged an office door" with his fists at the Port Authority of Guam. See Indictment (Apr. 14, 2025). The People would proceed to initiate three separate criminal cases against Defendant for his alleged actions on that day.

The first case is CM0128-25. The People brought that case before a grand jury on April 10, 2025 seeking an indictment on charges of Terrorizing (as a 3rd Degree Felony), Criminal Mischief (as a Misdemeanor), Assault (as a Misdemeanor), Disorderly Conduct (as a Petty Misdemeanor), and Harassment (as a Petty Misdemeanor). See CM0128-25 Indictment (Apr. 10, 2025). That grand jury only found probable cause to indict Defendant on a single charge of Disorderly Conduct (as a Petty Misdemeanor). Id. The People successfully moved to dismiss CM0128-25 without prejudice so they could instead pursue charges in the above-captioned case. See CM0128-25 Motion & Order for Dismissal (Apr. 18, 2025).

Decision and Order Denying Defendant's Motion to Dismiss with Prejudice
CM0133-25, *People of Guam v. Frankie Charles Rosalin*
Page 1 of 6

The second case is CM0133-25, the above-captioned case. The People brought this case before a grand jury on April 14, 2025, seeking an indictment on the same five charges. See Indictment (Apr. 14, 2025). However, the grand jury again only found probable cause to indict Defendant on a single charge of Disorderly Conduct (as a Petty Misdemeanor). Id.

The third case is CM0154-25. This time, the People pursued only the four misdemeanor and petty misdemeanor offenses initially sought, but not the felony terrorizing charge. See CM0154-25 Magistrate's Complaint (Apr. 29, 2025). By prosecuting these offenses through a complaint rather than an indictment, the People avoided the need for a grand jury and were able to proceed with the charges following a magistrate judge's finding of probable cause. See 8 G.C.A. § 15.20(a).

The People now wish to dismiss the above-captioned case without prejudice so they can instead pursue the charges in CM0154-25. See People's Second Motion to Dismiss Without Prejudice (Jun. 20, 2025).

Defendant subsequently filed his Motion to Dismiss with Prejudice on April 10, 2026. Defendant argues the People: (i) abused the grand jury process by seeking multiple indictments for the same offenses, and (ii) brought their current Motion to Dismiss Without Prejudice in bad faith after improperly securing probable cause findings for the three additional misdemeanor / petty misdemeanor charges in CM0154-25. See Motion to Dismiss with Prejudice at 4-5 (Apr. 10, 2026).

On April 23, 2026, the People filed their Opposition to Defendant's Motion to Dismiss with Prejudice ("Opposition"). The People claim Defendant failed to show any bad faith concerning their Motion to Dismiss Without Prejudice. See Opposition at 2-3 (Apr. 23, 2026).

The Court held a hearing on April 24, 2026. The parties agreed to forgo oral arguments and instead submit on their briefs. The Court subsequently took the matter under advisement.

## DISCUSSION

### I. Preliminary Law:

"The prosecuting attorney may with leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate... The prosecuting attorney shall file a statement of his reasons for seeking dismissal when he applies for leave to file a

Decision and Order Denying Defendant's Motion to Dismiss with Prejudice
CM0133-25, *People of Guam v. Frankie Charles Rosalin*
Page 2 of 6

dismissal and where leave is granted the court's order shall set forth the reasons for granting such leave." See 8 G.C.A. § 80.70(a).

"The prosecutor's good or bad faith in bringing the motion is the determining factor in granting or denying the motion." See *People v. Gutierrez*, 2005 Guam 19 ¶ 51. The government is given "a presumption of good faith in bringing" a motion to dismiss. Id. at ¶ 51. This presumption can be "rebutted upon a showing of a lack of good faith." Id. at ¶ 53.

As a general rule, a court shall "deny, but not dismiss with prejudice a prosecutor's motion to dismiss under section 80.70(a) when the court finds that the prosecutor was acting in bad faith." Id. at ¶ 69. However, "an exception occurs when a trial court grants a motion to dismiss without prejudice and later discovers that the earlier motion was made in bad faith; under these limited circumstances the trial court may dismiss the indictment with prejudice after a subsequent indictment." Id. at 69.

## II. Defendant failed to rebut the presumption that the People acted in good faith when bringing their Motion to Dismiss Without Prejudice.

Defendant's Motion to Dismiss with Prejudice has two core arguments: (i) that the People abused the grand jury process by seeking multiple indictments for the same offenses, and (ii) that the People acted in bad faith by avoiding the grand jury when securing probable cause findings for the misdemeanor and petty misdemeanor charges in CM0154-25. See Motion to Dismiss with Prejudice at 4-5 (Apr. 10, 2026).

### a. Defendant's Double Jeopardy rights were not violated when the People initiated multiple grand jury hearings for the same offenses.

"The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from repeated prosecutions for the same offense." See *People v. Pablo*, 2016 Guam 29 ¶ 23. "To determine whether a double jeopardy violation exists, the court must first determine whether jeopardy has previously attached. This is because an accused must suffer jeopardy before he can suffer double jeopardy." See *People v. Torres*, 2008 Guam 26 ¶ 18.

In criminal matters, jeopardy can attach in one of three ways: (i) "In a jury trial, jeopardy attaches once the jury is empaneled and sworn." See *State v. Moriwake*, 65 Haw. 47, 47 (1982); (ii)

Decision and Order Denying Defendant's Motion to Dismiss with Prejudice
CM0133-25, *People of Guam v. Frankie Charles Rosalin*
Page 3 of 6

"In a nonjury trial… jeopardy does not attach until the court begins to hear evidence from when a factual determination of guilt or innocence can be made." See *Kopp v. Ficher*, 811 F.Supp.2d 696, 712 (W.D.N.Y. 2011); (iii) Absent a trial, jeopardy attaches following any court order that "imposed criminal sanctions." See *People v. Torres*, 2008 Guam 26 ¶ 18.

The events at issue here do not represent any of the above three scenarios. The Double Jeopardy Clause of the Fifth Amendment does not attach to grand jury proceedings because grand juries are separate from trials. Furthermore, Defendant has not yet been subject to any court order imposing criminal sanctions for the charges at issue. Therefore, the People had every right to initiate multiple grand jury proceedings against Defendant for the same offenses.

**b. The People did not act in bad faith by circumventing the need for a grand jury in CM0154-25 because proceeding with those charges still required a magistrate judge's probable cause finding.**

The crux of Defendant's argument is that the People acted in bad faith by choosing not to pursue the felony terrorizing charge in CM0154-25 so that the remaining misdemeanor and petty misdemeanor offenses would be subject to a lesser standard of scrutiny. See Motion to Dismiss with Prejudice at 5 (Apr. 10, 2026).

However, this argument fails because criminal charges initiated by indictment and those initiated by complaint both require the same finding of probable cause that an offense has been committed and that the defendant has committed it. See 8 G.C.A. §§ 15.20(a) & 50.54(b). The probable cause standard applied to a magistrate judge in a complaint is the same standard applied to a grand jury in an indictment.

It could be argued that achieving a probable cause finding is easier through a complaint than an indictment because complaints only require the probable cause finding of one magistrate judge whereas indictments require "the concurrence of twelve (12) or more jurors". See 8 G.C.A. § 50.58.

However, that still does not rebut the presumption of good faith on the People. As indicated, the same probable cause standard applies in both proceedings. Furthermore, the People had the right to continue seeking probable cause determinations on those offenses because Defendant had not yet

Decision and Order Denying Defendant's Motion to Dismiss with Prejudice
CM0133-25, *People of Guam v. Frankie Charles Rosalin*
Page 4 of 6

been put in jeopardy of them. Simply put, Defendant has not rebutted the presumption that the People brought their Motion to Dismiss Without Prejudice in good faith.

**III.     The People's complied with all statutory requirements and presented a good faith reason for filing their Motion to Dismiss Without Prejudice.**

When bringing a motion to dismiss, "the prosecutor's good or bad faith … is the determining factor in granting or denying the motion." See *People v. Gutierrez*, 2005 Guam 19 ¶ 51. "The trial court at the very least must know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision." Id. at ¶ 66

Here, the People's Motion to Dismiss Without Prejudice was accompanied by a statement of their reasons in seeking dismissal. The People explained that the remaining Disorderly Conduct (as a Petty Misdemeanor) charge was being prosecuted in CM0154-25. See People's Second Motion to Dismiss Without Prejudice (Jun. 20, 2025). This is a good faith reason to seek dismissal without prejudice because it would streamline court proceedings by consolidating all criminal charges relating to Defendant's alleged March 12, 2025 actions into a single case rather than spreading them out over multiple cases. This good faith reason combined with Defendant's failure to show bad faith preserves the People's ability to pursue the Disorderly Conduct (as a Petty Misdemeanor) charge in CM0154-25.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion to Dismiss with Prejudice. Defendant failed to rebut the presumption that the People acted in good faith when bringing their Motion to Dismiss Without Prejudice because: (i) initiating multiple criminal proceedings did not violate Defendant's Double Jeopardy rights, and (ii) initiating the charges through a complaint rather than an indictment did not materially change the probable cause finding required for the charges to proceed. Furthermore, the People complied with all statutory requirements and presented a good faith argument supporting their Motion to Dismiss Without Prejudice.

Decision and Order Denying Defendant's Motion to Dismiss with Prejudice
CM0133-25, *People of Guam v. Frankie Charles Rosalin*
Page 5 of 6

**IT IS SO ORDERED** this ___June 12, 2026___.



**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion to Dismiss with Prejudice
CM0133-25, *People of Guam v. Frankie Charles Rosalin*
Page **6** of **6**